UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————— X

THE NEW YORK TIMES COMPANY and :
CHARLIE SAVAGE, :
                                        :
                        Plaintiffs, :
                                        :           **COMPLAINT**
              - against -               :
                                        :           No. 15-cv-5740
                                        :
UNITED STATES DEPARTMENT OF :
THE TREASURY, :
                                        :
                        Defendant. :
——————————————————————————— X

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, by their

undersigned attorneys, allege for their Complaint:

        1.        This is an action under the Freedom of Information Act, 5 U.S.C. § 552

("FOIA"), to order the production of agency records from the Department of the Treasury

("Treasury") in response to a request properly made by Plaintiffs The New York Times

Company and Charlie Savage.

**PARTIES**

        2.        Plaintiff The New York Times Company publishes The New York Times

newspaper. The New York Times Company is headquartered in this judicial district at 620

Eighth Avenue, New York, New York.

        3.        Plaintiff Charlie Savage is a reporter for The New York Times.

        4.        Defendant the Treasury is an agency of the federal government. Among

its many functions, it regulates the activities of U.S. citizens and corporations wishing to do

business or engage in other transactions with individuals and entities that commit, threaten to

1

59101

commit, or support terrorism.   Treasury has possession and control of the records that Plaintiffs seek.

5.     One of Treasury's operating units is the Office of Foreign Assets Control ("OFAC"), which administers sanctions programs against those determined to have committed, threatened to commit, or support terrorism.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7.     Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

8.     Plaintiffs have exhausted all administrative remedies available in regards to the request at issue.   Treasury denied Plaintiffs' timely filed administrative appeal in its entirety.

## FACTS

9.     OFAC administers and enforces a range of sanctions programs against individuals and entities to accomplish various foreign policy and national security goals.   Among these programs are Counter Terrorism Sanctions aimed at those determined to have committed, threatened to commit, or supported terrorism.

10.     Following the terrorist attacks of September 11, 2001, the Government established an extensive network of surveillance programs, often without a warrant, intended to monitor and uncover potential terrorist threats.

2

59101

11.     In 2008, some portions of the Government's surveillance programs, including programs administered by the National Security Agency, were incorporated into the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1801 *et. seq.*

12.     FISA includes a provision requiring that "Whenever the Government intends to enter into evidence or otherwise use or disclose in any … proceeding on or before any … department … against an aggrieved person, any information obtained or derived from electronic surveillance of that aggrieved person … the Government shall, prior to the … proceeding … notify the aggrieved person". 50 U.S.C. § 1806(c).

13.     Whether or not FISA's notice provision applied to OFAC terrorism sanctions determinations was the subject of intense debate within Treasury and the Department of Justice.

14.     On September 30, 2014, Mr. Savage submitted a FOIA request (the "Request") to Treasury, seeking disclosure of "documents showing the legal conclusions accepted by the Treasury Department as the governing legal protocol for under what circumstances, if any, and at what stage of the process, FISA's notice provision applies to the Office of Foreign Assets Control sanctioning decisions and challenges to them."

15.     On April 13, 2015, Treasury denied the Request.  Treasury stated that OFAC had located one responsive document and that OFAC determined that this document was exempt from disclosure under 5 U.S.C. § 552(b)(5) because it was protected by the attorney-client privilege and the deliberative process privilege.

16.     On April 16, 2015, Plaintiffs timely filed an administrative appeal with Treasury.

59101

17.     On May 21, 2015, Treasury denied the administrative appeal in its entirety, arguing that the responsive document did not constitute the agency's "working law," which ordinarily must be disclosed.

## COUNT

18.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

19.     Treasury is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

20.     Plaintiffs have exhausted all administrative remedies, having filed an administrative appeal, which was denied.

21.     There is no lawful basis under FOIA for withholding documents asked for by the Request.

22.     Treasury's failure to provide responsive documents violates FOIA.

23.     Accordingly, Plaintiffs are entitled to an order compelling Treasury to produce the document sought by the Request.

4

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

a.　　Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and 5 U.S.C. § 552(a) and must be disclosed;

b.　　Order Treasury to provide those records to Plaintiffs within 20 business days of the Court's order;

c.　　Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

d.　　Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 22, 2015

Jeremy A. Kutner, Esq.
David E. McCraw, Esq.
Legal Department
The New York Times Company
620 8th Avenue, 18th Floor
New York, NY 10018
phone: (212) 556-5188
fax: (212) 556-1009
e-mail: jeremy.kutner@nytimes.com
*Counsel for Plaintiffs*

5

59101